UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

WAYNE VINCENT,                              )

                    Plaintiff,              )

          -against-                         )

THE CITY OF NEW YORK,                       )
DAVID LORENZO, VINCENT LANG,                )
ALIDA POLANCO, EDSON BRUTUS,                )   10 CIV. 2700 WHP
MARK PENCHENSKI, JOHNNY POLICASTRI,         )
ELIZABETH VARGAS, TYRONE NEAL,              )
and JOHN and JANE DOES,                     )

                    Defendants.             )
-------------------------------------------------------------X

AMENDED

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF Case**

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the defendants'

violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United

States Constitution, including its Fourth and Fourteenth Amendments, and by Title II of the

Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, and by the Rehabilitation

Act of 1971 ("Section 504"), 29 U.S.C. § 794.  The plaintiff seeks damages, both compensatory

and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such

other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1983, 42 U.S.C. §§ 12101-

12213, and 29 U.S.C. § 794.  Jurisdiction is conferred upon this court by 42 U.S.C. § 1983 and

28 U.S.C. §§ 1331 and 1343(a)(3) and (4), and by Title II of the Americans with Disabilities Act

("ADA"), 42 U.S.C. §§ 12101-12213, and by the Rehabilitation Act of 1971 ("Section 504"), 29

U.S.C. § 794, this being an action seeking redress for the violation of the plaintiff's constitutional

and civil rights.

### JURY TRIAL DEMANDED

3.      Plaintiff demands a trial by jury on each and every one of the claims pleaded

herein.

### VENUE

4.      Venue is proper for the United States District Court for the Southern District of

New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

### PARTIES

5.      Plaintiff WAYNE VINCENT is a resident of Westchester County, New York, and

is a citizen of the United States.  Plaintiff VINCENT is a disabled person who is deaf and is

unable to speak, and he is therefore a qualified individual with a disability under the ADA and

Section 504.

6.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a

municipal entity created and authorized under the laws of the State of New York.  It is authorized

by law to maintain a police department which acts as its agent in the area of law enforcement and

for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks

incidental to the maintenance of a police force and the employment of police officers as said risk

attaches to the public consumers of the services provided by them.

7.      Defendants LORENZO, LANG, POLANCO, BRUTUS, PENCHENSKI,

POLICASTRI, VARGAS, NEAL, and DOES are and were at all times relevant herein duly

2

appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  The aforenamed defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

## STATEMENT OF RELEVANT FACTS

8.     On December 19, 2008, at approximately 1:00 a.m., plaintiff WAYNE VINCENT was driving his car on Riverside Drive, New York, New York in the vicinity of the intersection at 125th Street.  When police vehicles began to follow plaintiff with their flashing lights on, he continued to drive until stopped by police vehicles in the vicinity of 86th to 96th Street and Riverside Drive.

9.     Plaintiff was forcibly removed from his car by defendants LORENZO, LANG, POLANCO, BRUTUS, PENCHENSKI, POLICASTRI, VARGAS, NEAL, and DOES, and was severely beaten, causing multiple fractures to an arm and to his ribs, and causing lacerations requiring stitches.

10.     Plaintiff indicated to defendants that he was deaf, but no attempt was made by defendants to accommodate plaintiff's disability or to engage a sign language interpreter.

11.     No medical assistance was summoned to the scene, and plaintiff was placed in handcuffs and transported to the 26 Precinct stationhouse.

3

12.     At the 26 Precinct stationhouse, plaintiff clearly indicated that he was hurt, but defendants did not summon medical assistance.  Plaintiff was removed to St. Luke's Roosevelt Hospital by defendants in a police vehicle, not an ambulance, while cuffed and shackled about the ankles.

13.     Plaintiff was charged with Resisting Arrest, Reckless Driving, and Operating a Motor Vehicle While Intoxicated.

14.     On October 13, 2009, plaintiff pleaded guilty to New York State Vehicle and Traffic Law § 1192.1; the charge of Resisting Arrest was dismissed.

## FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

15.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16.     By their conduct and actions in using excessive force upon plaintiff, and by failing to intervene to prevent the complained of conduct, and by failing to provide medical assistance to plaintiff, defendants LORENZO, LANG, POLANCO, BRUTUS, PENCHENSKI, POLICASTRI, VARGAS, NEAL, and DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

17.     As a result of the foregoing, plaintiff suffered serious bodily injury, pain and

4

suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

18.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

19.     At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

20.     At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants LORENZO, LANG, POLANCO, BRUTUS, PENCHENSKI, POLICASTRI, VARGAS, NEAL, and DOES.

21.     The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

22.     As a result of the foregoing, plaintiff suffered serious bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

## THIRD CLAIM

5

## VIOLATIONS OF ADA AND SECTION 504

23.     THE CITY OF NEW YORK does not have adequate policies in place concerning seizures of deaf persons and has failed to properly train police officers concerning such seizures. The failure to have adequate policies and training was the cause of damage and injury to plaintiff.

24.     Defendants failed to accommodate plaintiff WAYNE VINCENT's disability, *i.e.*, his inability to hear and related conditions.  Plaintiff's disability was a condition known to defendants at the time, but defendants did not attempt to obtain sign language assistance to communicate with plaintiff, and used excessive force against plaintiff.

25.     As a result of the foregoing, plaintiff suffered serious bodily injury, pain and suffering, emotional distress, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

      a. Compensatory damages;

      b. Punitive damages;

      c. The convening and empaneling of a jury to consider the merits of the claims herein;

      d. Pre- and post-judgment costs, interest and attorney's fees;

      e. Such other and further relief as this court may deem appropriate and equitable.

Dated:          New York, New York
                August 19, 2010

                                        MICHAEL L. SPIEGEL, Esq.
                                        111 Broadway, Suite 1305
                                        New York, New York 10006
                                        (212) 587-8558
                                        *Attorney for Plaintiff*

7